Law Library

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: CF0689-12 |
| | ) | |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | **RE. MOTION TO DISMISS** |
| YASUHIRO MADEA, | ) | **INDICTMENT FOR VIOLATION OF** |
| | ) | **SPEEDY TRIAL RIGHT** |
| Defendant. | ) | |
| | ) | |

## I.
## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on July 31, 2013, on Defendant's Motion to Dismiss Indictment for Violation of Speedy Trial Right ("Motion"), which was filed on July 17, 2013. Assistant Attorney General Christine S. Tenorio represented the People of Guam (the "People"). Defendant Yasuhiro Madea ("Defendant") was represented by Attorney F. Randall Cunliffe. Also present was Defendant's Japanese language interpreter, Naoke Shinjo.[1] Having considered the Motion and the arguments presented during the hearing of this matter as well as the applicable case law, the Court issues the following written Decision and Order GRANTING Defendant's Motion.

## II.
## RELEVANT PROCEDURAL HISTORY

The question of whether the Defendant's statutory right to speedy trial has been violated requires a careful review of the procedural history of the case so as to determine whether "good cause" exists to justify the violation. Thus, a particularly detailed discussion of what transpired in this case is necessary.

---

[1] Defendant has retained a Japanese language interpreter at his expense for each hearing before this Court, with the exception of a trial setting hearing on July 9, 2013.

On December 8, 2012, Defendant was charged with Simple Stalking (as a 3rd Degree Felony), Harassment (as a Petty Misdemeanor)(Five (5) Counts) and Harassment (as a Petty Misdemeanor) pursuant to a Magistrate's Complaint. On the same date, Magistrate Judge Alberto E. Tolentino released Defendant on a $5,000.00 unsecured bond and imposed conditions of release. *See* Order of Conditional Release and Appearance Bond (Dec. 8, 2012). The case was assigned to the Honorable Judge James L. Canto II ("Judge Canto"). On December 28, 2012, the People filed the Indictment charging Defendant with Simple Stalking (As a 3rd Degree Felony); Harassment (as a Petty Misdemeanor)(3 counts); and Harassment (as a Petty Misdemeanor). *See* Indictment (Dec. 28, 2012).

Defendant was arraigned on January 16, 2013, and, during this hearing, waived his right to a speedy trial. *See* Hr'g Arraignment (Jan. 16, 2013). On February 15, 2013, however, he asserted his right to speedy trial pursuant to 8 G.C.A. § 80.60, which requires that trial commence within 60 days of his arraignment. *See* Not. Of Assertion of Speedy Trial (Feb. 15, 2013); 8 G.C.A. § 80.60(a)(3) (2005). At a hearing on February 25, 2013, before Judge Canto, Defendant executed the form Notice of Assertion or Waiver of Speedy Trial, and reasserted his right "on the record" and "pursuant to 8 G.C.A., Section 80.60 and in the 6th Amendment." *See* Assertion or Waiver of Speedy Trial (Feb. 25, 2013).[2] As defendant was not in custody, Judge Canto then set the jury selection and trial to commence on April 17, 2013, well within the 60 day deadline. *See* Hr'g Mot. for Discovery & Def.'s Assertion of Speedy Trial (Feb. 25, 2013).

---

[2] There are several dates on which the Defendant asserted his right to speedy trial: first, on February 15, 2013, and, later, during a hearing "on the record" on February 25, 2013, before the Honorable Judge James L. Canto II ("Judge Canto"). During the later hearing, the Defendant executed the standard form Assertion or Waiver of Speedy Trial. The form provides that defendant's **"reassertion of my right to speedy trial will begin to count on the date of filing of my written notice of reassertion of speedy trial."** (emphasis in original). Because Defendant, through his counsel, filed his Notice of Assertion of Speedy Trial on February 15, the Court considers his assertion to have commenced as of February 15, 2013 and the later filing is superfluous.

Judge Canto also scheduled a Motions Cut-off Date for March 4, 2013. *Id.*; Criminal Trial Scheduling Order Asserted 2/25/13 (Mar. 4, 2013). On March 1, 2013, just three days before the March 4, 2013 deadline for hearing motions, Defendant filed his Motion to Dismiss Counts Two and Three of the Second Charge of the Indictment. *See* Mot. to Dismiss (Mar. 1, 2013). Defendant argued that the two harassment counts should be dismissed because they were time-barred. *Id.*

During the March 4 hearing, although Judge Canto allowed Defendant to argue the motion, he also allowed for supplemental briefing and gave the People the opportunity to file a written response to the motion by March 7 and Defendant the chance to submit a reply by March 11. *See* Hr'g. on All Motions (Mar. 4, 2013). Judge Canto also advised the parties that the speedy trial deadline was tolled on March 1 due to Defendant's filing of the motion and further stated that the motion would be taken under advisement on March 12. *See id.* The People failed to file any response by the March 7 deadline and, instead, filed the People's Non-Opposition to Defendant's Motion to Dismiss Counts Two and Three of the Second Charge on April 10, 2013. *See* People's Non-Opp'n Mot. (Apr. 10, 2013). No decision was issued following the filing of the People's non-opposition.

Instead, a Status Hearing was held on May 3, 2013,[3] during which Judge Canto informed the parties that Defendant's motion was still under advisement and then disclosed a conflict of interest requiring his recusal from this case. *See* Status Hr'g. (May 3, 2013).[4] Although the People did not take a position, Defendant's counsel agreed that recusal on the grounds disclosed

---

[3] Nothing in the record explains why the April 17, 2013 trial date was continued. The record also does not contain any objection from either party to the continuance of the April 17 trial date.

[4] By May 3, 2013, the Motion to Dismiss Counts Two and Three had been "under advisement" for 52 days.

by Judge Canto was necessary. *Id.* As a result, Judge Canto recused himself from presiding over this case on May 3.

The case was then apparently assigned to this Court on May 17, 2013. For some as yet undetermined reason, the file of this case was not transmitted to or brought to the attention of this Court until July 8, 2013. At that instance, it was determined that the Defendant had asserted his right to speedy trial, but that Defendant's motion to dismiss was still pending a decision. The Court immediately scheduled a Criminal Trial Setting hearing for July 9, 2013. Counsels for the parties were served with the Notice of Hearing on July 8, 2013.

During the July 9 hearing, Defendant was present with his counsel Attorney Jeffrey Cook of the Law Office of Cunliffe & Cook, however, the Court was informed that the matter was being handled by either Attorney F. Randall Cunliffe or Jeffrey Moots, who were then off-island. Attorney Cook then advised the Court that his office intended to file a motion to dismiss for violation of speedy trial rights and the Court indicated that, based on the Court's calculations, the matter had been tolled due to Defendant's pending motion to dismiss – which had been under advisement when the case was assigned to Judge Canto – and the request to recuse Judge Canto for a conflict of interest. *See* Hr'g. Criminal Trial Setting – Asserted (July 9, 2013). The Court also indicated that it could empanel a jury in the afternoon of July 9; however, noting that Messrs. Cunliffe and Moots were unavailable and at Mr. Cook's request to "set the matter for trial in the time frame the court sees it," the Court scheduled jury selection and trial to commence on July 31, 2013, at 1:30 p.m. *See* Hr'g Criminal Trial Setting – Asserted (July 9, 2013). *See also* Asserted Criminal Trial Scheduling Order (July 9, 2013).

This Court further noted that a decision on the motion to dismiss was still outstanding, as Judge Canto had taken the matter under advisement and then was recused prior to rendering a

decision on the motion. The Court indicated that it would review the record on Defendant's motion to dismiss and issue its decision. On August 7, 2013, the Court issued its Decision and Order denying Defendant's motion to dismiss. *See* Decision and Order on Defendant's Motion to Dismiss Counts Two and Three of the Second Charge of the Indictment (Aug. 7, 2013).

On July 17, 2013, before this Court issued its Decision and Order, Defendant filed this instant Motion to Dismiss Indictment for Violation of Speedy Trial Right, alleging that 8 G.C.A. § 80.60 had been violated because no good cause existed for any delay beyond April 10, 2013. *See* Mot. Dismiss Indictment for Violation of Speedy Trial Right (July 17, 2013). Defendant claims that the People's filing of its non-opposition to his earlier motion to dismiss "obviated the need for the matter to be under advisement." *Id.* at 3. "There is no good cause for the delay after April 10, 2013." *Id.*

On July 23, 2013, the People filed its opposition to the motion to dismiss for speedy trial violation arguing *inter alia* that good cause existed for the delay because Judge Canto had taken the matter under advisement and then agreed that he should be recused, which was for the Defendant's benefit. *See* People's Opposition to Motion to Dismiss Indictment for Violation of Speedy Trial Right at 3-4 (July 23, 2013).

Defendant replied on July 25, 2013, emphasizing that "there is nothing in the record to establish between March 12, 2013 and May 3, 2013 when Judge Canto executed a Notice of Recusal, why he could not have ruled on the issue at that time. ... From the time Judge Canto took the matter under advisement on March 12, 2013, until he filed a recusal, fifty-one days expired." Reply to People's Opp. to Mot. to Dismiss Indictment for Violation of Speedy Trial Right at 1-2 (July 25, 2013). Almost a month had passed from the People's Non-Opposition on April 10 before Judge Canto issued his Notice of Recusal on May 3. *Id.* at 2. Defendant also

argues that since the matter was taken under advisement on March 12, 2013, the 90-day Administrative Rule was not complied with because over 90 days had passed. *See id.* Any delay after April 10 is unreasonable, he argues, because the motion was unopposed and nothing in the record indicates that the motion was not well taken. *Id.* at 2-3.

Lastly, Defendant argues that the People failed to expedite the proceedings as required under 8 G.C.A. § 80.50: "Having acknowledged that the statute of limitations on the two counts has expired, the People on their own motion could have dismissed those two counts and made moot their argument that the motion is still pending." *Id.* at 3. On August 15, 2013, the Defendant filed a Motion to Reconsider the Court's Decision on Defendant's Motion to Dismiss Count's Two and Three of the Second Charge.[5]

### III.
### LAW AND ANALYSIS

### A.      Maeda's Speedy Trial Rights Under 8 G.C.A. §80.60 Were Violated.

8 G.C.A. § 80.60 provides that, unless good cause is shown, a defendant who is not in custody must be brought to trial within sixty (60) days after his arraignment. "If a defendant is not brought to trial within the time prescribed and no good cause is shown, the trial court must dismiss the indictment." *Guam v. Flores*, 2009 Guam 22 ¶ 23 (citing 8 G.C.A. § 80.60). "[W]hether there is good cause for delay depends on the facts and the circumstances of each case, and there is no bright-line rule for how much time a court may reasonably take to consider a motion." *Quinata v. Superior Court of Guam*, 2010 Guam 8 ¶ 36 (citing *Nicholson v. Super. Ct. (People)*, 2007 Guam 9 ¶ 13). "'What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court.'" *Flores*, 2009 Guam 22 ¶ 32

---

[5] In light of the Court's decision herein dismissing the Indictment with prejudice, the Motion to Reconsider is moot; therefore, the Court will not rule on the substantive issues raised therein.

(quoting *People v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). Certain general principles have evolved:

> 'The courts agree, for example, that delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss.' Delay for the defendant's benefit also constitutes good cause. 'Finally, delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal.' Delay attributable to the fault of the prosecution or improper court administration, however, does not constitute good cause.

*Id.* (internal citations omitted).

In reviewing the procedural history of this case, it is clear that the ruling of the Supreme Court of Guam in *Nicholson* dictates dismissal of the case against the Defendant because there is simply no "good cause" which supports the delay in bringing the Defendant to trial within 60 days from the day of his assertion on February 25, 2013. *Nicholson* involved a delay that was attributed to the determination of a pre-trial motion to dismiss and, in finding that there was no good cause shown for the delay of Nicholson's trial and in ruling that his statutory speedy trial right had been violated, the High Court instructed as follows:

> Nicholson filed a pre-trial motion to dismiss and therefore was not required to show prejudice from the delay. Moreover, on pretrial review of whether the trial court abused its discretion, prejudice is presumed by any delay not founded upon good cause. *People v. Wilson*, 383 P.2d 452, 460 (Cal. 1963). While the determination of good cause lies within the discretion of the trial court, the record should reflect a showing by the trial court that it was diligent in working towards a prompt disposal of the motion. The trial court made no specific or reasonable statements that the motion to dismiss in this case was novel or complex, which may constitute good cause. The trial court also did not provide any reason why the delay in this case was not reasonable or reasonably necessary to the prompt handling of the motion. Although the People argue that the trial court did not automatically justify the delay because of the filing of Nicholson's motion, we cannot on review determine whether the discretion by the trial court in determining good cause was proper, given that the trial court did not provide any substantive reasons for us to consider.

*Nicholson* at 7 ¶ 28 (Emphasis added).

### 1.    The inordinate court delay was not for "good cause."

In this case, Defendant notes that 51 days had lapsed from the time Judge Canto took the initial motion to dismiss under advisement on March 12, until his summary recusal on May 3. Even assuming that there was "good cause" to delay the trial from May 3 until this Court's assignment to the case on May 7 (a period of only 4 days), this case is entirely *devoid* of activity between May 7 until this Court issued a Notice of Hearing on July 8 for a Criminal Trial Setting on July 9, 2013 (a period of 63 days).[6]

Guam law places the burden on the courts, judicial officers and prosecuting attorneys to expedite criminal trials. In this regard, 8 G.C.A. § 80.50(a) provides as follows:

> The welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.

8 G.C.A. §80.50(a). On the other hand, where the delay may be attributed to a defendant's filing of a motion that is to his benefit, "a defendant must accept some reasonable delay as a consequence of filing a motion, but unreasonable delay does not toll the statute." *Nicholson* ¶ 26. In this particular instance, Defendant argues that 51 days had lapsed from the time Judge Canto took the Defendant's motion to dismiss under advisement until his recusal on May 3. Even if a portion of that delay can be attributed to the Defendant, the record does not provide any information as to whether there was "good cause" to justify the delay in issuing the decision within those initial 51 days. There was nothing to indicate that the motion was "novel" or

---

[6] Defendant argues that a total of 87 days lapsed from the date the Defendant asserted his right to speedy trial on February 15, 2013 until July 9, 2013.

"complex;" on the contrary, on April 10, the People filed a non-opposition to the Motion indicating that there may be sufficient grounds to grant the motion.

The additional delay between the reassignment to this Court on May 7 until the criminal trial setting on July 9 cannot be attributable to the Defendant in the slightest. Simply stated, this Court is without information as to where the file of this case had been from the time of the assignment of this case to this Court until it was brought to the Court's attention on July 8 and immediately scheduled for trial setting. Thus, from May 7 to July 9 – another 63 days, there is a complete absence of activity on the part of both the People and the Court. The Court cannot find "good cause" during this time period of apparent inactivity from April 10 until July 9 because neither Judge Canto nor this Court was considering how to rule on Defendant's motion to dismiss. Unfortunately, this Court's attempt to rectify the delay and issue a decision less than one month after the first hearing before the court is not sufficient "good cause." Indeed, as the Supreme Court held in *Nicholson*:

> We hold that a trial court may not automatically justify any delay attributable to its consideration of a motion after it has been taken under advisement. Rather, good cause for the delay must be apparent on the face of the record.

*Nicholson* ¶ 28.

### 2. The People are also responsible for the delay.

Delay caused by the court is attributable to the People. *People v. Julian*, 2012 Guam 26 (citing *People v. Flores,* 2009 Guam 22 ¶32 (citing People v. Johnson, 606 P.2d 738, 746–47 (Cal.1980)("In the speedy trial context, court delay is attributable to the People")). However, the People are played an active part in the delay of Defendant's trial. While the Court acknowledges that a failure of court administration played a role in the delay, as § 80.50 mandates, the *prosecuting attorney* is also responsible for ensuring compliance with the

statutory speedy trial deadline. Thus, while the court admits that it bears some responsibility for ensuring that a Defendant's speedy trial clock does not expire without bringing the matter to trial, the onus remains upon the People, who have brought the charges against the Defendant, to ensure a timely prosecution. 8 G.C.A. § 80.50 (2005).

The Defendant has correctly noted that the People could have expedited the resolution of the first motion to dismiss without *any* delay: "Having acknowledged that the statute of limitations on the two counts has expired, the People on their own motion could have dismissed those two counts and made moot their argument that the motion is still pending." Reply to People's Opp. To Mot. to Dismiss Indictment for Violation of Speedy Trial Right at p. 3 (July 25, 2013). Instead, the People remain contentious in their opposition to the instant Motion to Dismiss and ignore the argument that it, in fact, did have the ability to resolve the earlier motion – a motion which the People could and should have resolved by dismissing the two counts, rather than filing a statement of non-opposition that requires the Court to undertake its own examination of the basis for the defendant's motion. *See* Decision and Order on Def.'s Mot. to Dismiss Counts Two and Three of the Second Charge of the Indictment at p. 3 (Aug. 7, 2013)(citing *Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 28). Additionally, there is no justification in the record (either prior to this Court's assignment of the case or thereafter) for the People's failure to file a response to the Defendant's initial motion by the March 7, 2013 deadline granted by the Court, or for the over one month of delay in the filing of the non-opposition.

Under these circumstances, and pursuant to the standard articulated by the Guam Supreme Court in *Nicholson*, there is no "good cause" for the delay in bringing the Defendant to

trial within the 60 day period under § 80.60. Consequently, the Indictment against the Defendant is DISMISSED.

## B. Indictment is Dismissed With Prejudice.

This Court has discretion to dismiss this case with or without prejudice. *Nicholson* ¶ 29. Title 8 G.C.A. § 80.60 mandates dismissal for failure to bring a defendant who has asserted his speedy trial right under that statute to trial within the applicable 45- or 60-day deadline; however, the law does not state what type of dismissal the court must employ – with prejudice, or without prejudice. Moreover, the Guam Supreme Court in *Nicholson,* ruled that "[t]he issue of whether the case should be dismissed with or without prejudice should be decided in the first instance by the trial court." *Nicholson* ¶ 29.

In determining whether dismissal on the basis of a lack of good cause for delay of speedy trial should be with or without prejudice, the Decision and Order in *People of Guam vs. Arnold Kyle Nicholson*, CF0419-05 (Super. Ct. Guam Feb. 19 2008), issued by the Honorable Arthur R. Barcinas on remand, is instructive. In that case, the court found that the Guam statute most closely resembles the federal Speedy Trial Act and applied three factors considered by federal courts in deciding whether to dismiss a case with or without prejudice: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of [the Act] and on the administration of justice. *Id.* at 14 (citing *United States v. Caparella*, 716 F.2d 976, 980 (2nd Cir. 1983); *United States v. Taylor*, 487 U.S. 326, 336 (1988); 18 U.S.C. § 3162(a)(2)).

//

//

//

## 1. Seriousness of the Offense.

On remand in *Nicholson*, the trial court considered "[t]he potential term of incarceration facing a defendant under the charges against him or her [as] a proper measure of the seriousness of the offense(s)." *Id.* at 15 (citing *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987)). There, the Defendant could have faced up to seventeen (17) years imprisonment, if he was a first offender, or thirty-two (32) years of incarceration if he had previously been convicted of a crime of theft or a felony. Nicholson would also have been subject to having valuable civil rights taken from him if convicted of the felonies for which he was charged, including the right to vote, right to serve on a jury, and the right to hold public office. *Id. Cf. Caparella* at 980 ("We believe that the dismissal here should have been with prejudice and that the Magistrate's finding to the contrary, adopted by the district court, constituted an abuse of discretion. As to the first factor, while recognizing that a breach of the public trust is not to be ignored, we do not consider appellant's conduct a "serious" crime, absent exacerbating circumstances such as violence, which is not here present. Congress viewed the crime originally charged as the lowest order of felony.")

In this case, assuming that the Defendant is found guilty of Simple Stalking, a third degree felony – the most severe of the offenses with which Defendant is charged – if he qualifies for a sentence under the "first offender" statute of 8 G.C.A. § 80.31, he would face a maximum sentence of three years for that offense. If he is not a "first offender," then the court may sentence him to a maximum of five years of incarceration. For the charges of harassment as a petty misdemeanor (3 counts) and an additional charge of harassment, also a petty misdemeanor, "the court shall set a definite term not to exceed sixty (60) days." 8 G.C.A. §

80.34.[7] While the court does not imply in any way that the offense is not "serious" to the victim of the crime, in comparison with the term of incarceration faced by the defendants in *Nicholson* and *Caparella*, Defendant Maeda's most serious offense is also the lowest order of felony. This factor weighs in favor of dismissal with prejudice.

## 2. Facts and Circumstances Leading to Dismissal.

The right to a speedy trial belongs to both the criminal defendant and society as a whole. Thus, the People and the courts "share[ ] the responsibility for speedy trial enforcement." *See United States v. Perez–Reveles*, 715 F.2d 1348, 1353 (9th Cir. 1983). "Congress clearly intended that the courts and the government, not the defendant, assume primary responsibility for ensuring that criminal trials proceed expeditiously." *United States v. Pollock*, 726 F.2d 1456, 1464 (9th Cir. 1984). It has been held that a statutory speedy trial violation "caused by negligent administrative confusion of the court" justifies dismissal without prejudice. *See Nicholson* at 17 (citing *U.S. v. Howard*, 218 F.3d 556 (6th Cir. 1988)). Indeed, after this Court determined that it was unaware of the case assignment until nearly two months after its reassignment, the Court immediately reviewed the status of the case and brought the matter for a status hearing and trial setting the very next day, on July 9, 2013. Moreover, the Court has put in place internal administrative procedures in the hopes of eliminating the situation where a reassignment of a pending matter violates a party's right to swift and efficient justice – especially one in which a defendant has timely asserted his or her right to speedy trial.

---

[7] Defendant Maeda filed a Motion for Reconsideration of this court's Decision and Order denying the dismissal of counts two and three of the second charge of the Indictment. This Motion is currently under advisement. If the court were to rule in Defendant's favor and grant the motion for reconsideration, Defendant would be charged with one third degree felony and two petty misdemeanors. However, the Court's decision herein renders moot Defendant's motion for reconsideration.

However, in this instance, where the Court has little information on the record to determine whether "good cause" delay existed prior to Judge Canto's recusal and no explanation for the "administrative confusion" leading to the violation of the Defendant's statutory right to speedy trial, and where the People have also failed to bring the matter to trial expeditiously, a dismissal *with prejudice* is a more appropriate remedy when considering the totality of the circumstances.

While the Court has readily admitted that it bears some responsibility in ensuring the speedy trial clock is upheld, ultimately the onus is on the People to prosecute cases. In *Taylor*, the U.S. Supreme Court noted that, by failing to track the number of days that have run under the federal Speedy Trial Act (18 U.S.C. § 3161(h)(1)(H)), the Government has fallen short of its responsibilities under the Act. *See Taylor* at 338 ("[w]e do not dispute that a truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration" of whether to dismiss with or without prejudice). Ironically, while the record is devoid of evidence of "good cause" for the delay of the Defendant's trial within the time set forth in the speedy trial statute, the record establishes that, throughout the pendency of this case, the People have failed to comply with court-ordered deadlines, including the following:

- On February 25, 2012, Judge Canto set the asserted jury selection and trial in this matter to commence on April 17, 2013 and further ordered that all witness lists were to be exchanged between counsel and filed with the court "one week before the Motion Cut Off date" of March 4, 2013. (Criminal Trial Scheduling Order: Asserted 2/25/13 (Feb. 25, 2013)). The People did not file a witness list as ordered by March 4, 2013 and did not file *any* witness list during the period that this matter was still assigned to Judge Canto and while the Trial Scheduling Order remained in effect.

- Pursuant to the February 25 Asserted Criminal Trial Scheduling Order, the parties were also to exchange and file with the court all proposed voir dire, proposed jury instructions and proposed verdict forms by the Pre-Trial Conference hearing on April 2, 2013. The People failed to file any of the required trial documents – and continue to do so; however, the Defendant filed proposed voir dire on April 1, 2013, even while its Motion to Dismiss was pending.

- On March 4, 2013, the date previously scheduled for a hearing on all motions, Judge Canto allowed the People to file a response to the Defendant's Motion to Dismiss Counts Two and Three of the Second Charge of the indictment by March 7, 2013. (Hr'g. on all Motions (Mar. 4, 2013)). The People did not file any response until over a month later, on April 10, 2013, and, instead of dismissing the charges as Defendant requested, filed a Non-Opposition to the Motion. (People's Non-Opposition to Defendant's Mot. to Dismiss Counts Two and Three of the Second Charge (Apr. 10, 2013).[8] Ironically, it was this particular filing by the People which necessitated the recusal from this case by Judge Canto.[9]

- On July 9, 2013, this Court issued its Asserted Criminal Trial Scheduling Order mandating that the parties file all motions and witness lists by July 17, 2013. Although Defendant had asserted his speedy trial rights since February 15, 2013, and

---

[8] Based on the minutes of the hearing on all motions of March 4, 2013, although Defendant had filed a motion to dismiss, Judge Canto did not vacate the trial dates which set the jury selection and trial for April 17, 2013 at 9:00 a.m. Thus, a dismissal by the People would have allowed the matter to have proceeded within the time originally scheduled for the asserted trial and no violation would have occurred.

[9] It is unclear from the record why the trial court did not hold any of the previously scheduled hearings: pre-trial conference (April 2, 2013); in limine motion hearing (April 12, 2013); or the jury selection and trial (April 17, 2013). Indeed, it appears that no hearings were held in this case between March 4, 2013 and May 3, 2013, when Judge Canto recused himself.

the People had been previously ordered to file all witness lists before the case was reassigned, the People filed the Witness List untimely on July 18, 2013.

The People's numerous filing delays and complete disregard for the court-ordered deadlines, together with the delay due to the court's administrative confusion (which are attributed to the People), weigh in favor of dismissal with prejudice. Additionally, under the circumstances, and pursuant to § 80.50, the People had an obligation to ensure compliance with § 80.60, particularly where the only delay was occasioned by the filing of a dispositive motion which the People did not oppose. Because the People and the courts *share* the responsibility for ensuring that a defendant is brought to trial within the time set forth under the Speedy Trial statute of 8 G.C.A. § 80.60, the People should have immediately resolved the motion by filing a dismissal of the charges which it had originally decided to file, rather than allowing the motion to languish unresolved.

The People also posit that the Defendant's motion to modify bail, filed on February 15, 2013, "was for his benefit, and the delay that resulted from the filing of the motion constituted good cause." People's Opp. at 3 (July 23, 2013). The Court does not agree with the People's assertion in its Opposition that the bail modification request tolled the running of the speedy trial time under 8 G.C.A. § 80.60 (*id.*); the record simply does not support this contention as Judge Canto ruled from the bench on Defendant's request to modify bail conditions. Hr'g. on Mot. for Discovery and Def.'s Assertion of Speedy Trial (Feb. 25, 2013). Moreover, the motion to modify bail is not a dispositive motion and, therefore, its filing would not serve to toll the speedy trial clock. Thus, the Court will not exclude from calculation the three days in which the motion to modify bail conditions was pending.

### 3. Impact of Reprosecution.

The third factor which federal courts consider in determining whether to dismiss a case with or without prejudice for a violation of the Speedy Trial Act is the impact of reprosecution:

> The administration of justice depends heavily upon the prompt processing of criminal proceedings. Unreasonable or unnecessary delay can not only violate the rights of an accused under the Sixth Amendment but also undermine respect for law and thus harm the public. *United States v. Hillegas*, 578 F.2d 453, 456 (2nd Cir. 1978). The [Speedy Trial] Act is intended both to protect the defendant from undue delay in the resolution of his case and to benefit society by ensuring quick resolution of criminal trials.

*U.S. v. Peppin*, 365 F.Supp.2d 261, 266 (N.D.N.Y. 2005)(quoting *United States v. Mancuso*, 302 F.Supp.2d 23, 32 (E.D.N.Y. 2004)).  In federal courts, this factor would ordinarily require a court to consider the duration of the delay in question and consider the prejudice resulting to the defendant by the delay; however, in considering Guam's speedy trial statute, the Guam Supreme Court has held that in violations of the defendant's right under § 80.60, "prejudice is presumed by any delay not founded on good cause." *Nicholson*, at ¶ 24 (citing *People v. Wilson*, 383 P.2d 452, 460 (Cal. 1963)).  *See also People v. Naich*, 2013 Guam 7 ¶ 55 ("In a case involving a claim of statutory speedy trial violations, we held that where a defendant seeks pretrial relief, he does not have to show prejudice.")(citing *Nicholson*, 2007 Guam 9 ¶ 24).

The Court has already determined that there was no "good cause" to justify the delay in bringing the Defendant to trial within the statutory speedy trial deadline and that such a violation, under Guam law, results in a presumption of prejudice to the Defendant.  Although the delay is less severe than the times for which the Guam Supreme Court has affirmed a dismissal, under the circumstances of this particular case where any delay caused by the Defendant is miniscule in comparison to that attributable to the court and to the People,

dismissal with prejudice is warranted. *See, e.g., United States v. Bilotta*, 645 F.Supp. 369, 373 (E.D.N.Y. 1986)(quoting *United States v. Caparella*, 716 F.2d 976, 981 (2d Cir. 1983))("'[A] violation of any of the Act's time limits ... negatively impacts on the administration of the Act.' A dismissal with prejudice will further the administration of justice by acting as 'a deterrent to other would-be offenders [and a] reaffirmance of Congress' basic purpose in enacting the Speedy Trial Act.'").

## IV.
## CONCLUSION

For the reasons set forth above, the Court orders that the Defendant's Motion to Dismiss is **GRANTED**, and the Indictment is hereby dismissed with prejudice.

**SO ORDERED** on the 20th day of November, 2013.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby cert.,
is a full true and correct copy of t
original on file in the office of t
clerk of the Superior Court of Gua
Dated at Hagatna, Guam

NOV 2 0 2013



Curtis M. Auieriu
Deputy Clerk
Superior Court of G . .